Matter of Brianna K.R. (Bernard R.) (2021 NY Slip Op 06333)





Matter of Brianna K.R. (Bernard R.)


2021 NY Slip Op 06333


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Docket No. B37426/16 B22786/17 B01667/19 Appeal No. 14607-14607A Case No. 2020-02881 

[*1]In the Matter of Brianna K.R., and Others, Children Under the Age of Eighteen, etc., Bernard R., Respondent-Appellant, Fateema R., Respondent, Sheltering Arms Children & Family Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Sheltering Arms Children & Family Services, New York (Dawn M. Shammas of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Maria Arias, J.), entered on or about January 31, 2020, which, to the extent appealed from as limited by the briefs, upon a finding that respondent father suffers from a mental illness as defined in the Social Services Law, terminated respondent's parental rights to the subject children and dispensed with a dispositional hearing in the case of the child Mark, unanimously affirmed, without costs.
The termination of respondent's parental rights on the ground that, by reason of his schizoaffective disorder, bipolar type, respondent is presently and for the foreseeable future unable to care for the children is supported by clear and convincing evidence (see Social Services Law § 384-b[4][c], [6][a]; see Matter of Kassierma Earline J. [Kim J.], 128 AD3d 449 [1st Dept 2015]; Matter of Christopher B. [Melvin B.], 112 AD3d 519 [1st Dept 2013], lv denied 22 NY3d 863 [2014]). Contrary to respondent's contentions, in reaching this determination, Family Court employed the correct standard, evaluating respondent's ability to provide proper and adequate care for the children for the present and for the foreseeable future, as the law requires (see Social Services Law § 384-b[4][c]). The uncontroverted testimony by the expert in psychology, based on her evaluations and testing of respondent as well as her review of his medical and other records, shows that respondent, who did not testify or call witnesses at the hearing, suffers from schizoaffective disorder, bipolar type, and has suffered from it for many years. He suffers delusions, paranoia, and hallucinations, and has experienced impairment in his thinking, judgment and behavior. Respondent has been hospitalized due to his condition and for substance abuse, and fails to take his prescribed medication or attend treatments consistently. He has exhibited aggressive, violent and impulsive behaviors, lacks insight into his illness, and has a history of failing to comply with court-ordered services.
Given his long history of mental illness and noncompliance with treatment, we reject respondent's argument that because the expert did not observe him interacting with the children there is no competent foundation for her opinion (see Matter of Inuel S. [Eunice F.], 162 AD3d 586 [1st Dept 2018]; Matter of Brianna Monique F. [Monique F.], 129 AD3d 638 [1st Dept 2015]). Respondent also argues that by the time she testified, the expert's data was "stale." However, he failed to show that more updated information would warrant a different outcome (see Matter of Robert K., 56 AD3d 353 [1st Dept 2008], lv denied 12 NY3d 704 [2009]).
Similarly, while respondent argues that the court should have held a dispositional hearing in Mark's case, and speculates about what an appointed "independent expert" might have found, he offers no reason to question the independence of the expert who testified, and does not otherwise show that a hearing was required (see Matter of Joyce [*2]T., 65 NY2d 39 [1985]; Matter of Jeremiah M. [Sabrina Ann M.], 109 AD3d 736 [1st Dept 2013], lv denied 22 NY3d 856 [2013]).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021